UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RIMVYDAS S. URBONAS, | CASE NO. C14-0026JLR |
| Plaintiff, | ORDER OF REMAND |
| v. | |
| CROWLEY MARINE SERVICES, INC., | |
| Defendant. | |

Before the court is Defendant Crowley Marine Services, Inc.'s ("Crowley") withdrawal of opposition to Plaintiff Rimvydas Urbonas' motion to remand. (Withdrawal (Dkt. # 11).) On January 7, 2014, Crowley removed this case from King County Superior Court. (Not. of Removal (Dkt. # 1).) A month later, Plaintiff filed a motion to remand. (Mot. to Remand (Dkt. # 8).) On February 28, 2014, the court decided a case with similar issues—*Coronel v. AK Victory, et al.*, No. C13-2304JLR, Dkt. # 13 (W.D. Wash. Feb. 28, 2014). As a result of that decision, Defendant has now

ORDER- 1

withdrawn its opposition to Plaintiff's motion to remand and agreed to remand. (Withdrawal at 1-2.) Accordingly, the court ORDERS that:

1. Pursuant to 28 U.S.C. §§ 1447(c) and 1447(d), all further proceedings in this case are REMANDED to the Superior Court for King County in the State of Washington;

2. The Clerk of the Court shall send copies of this order to all counsel of record for all parties;

3. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of the order of remand to the Clerk of the Court for the Superior Court for King County, Washington;

4. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington;

5. The parties shall file nothing further in this matter, and instead are instructed to seek any further relief to which they believe they are entitled from the courts of the State of Washington, as may be appropriate in due course; and

6. The Clerk of the Court shall CLOSE this case.

Plaintiff also requests an award of attorney's fees. Attorney's fees may be awarded following remand. Under 46 U.S.C. § 1447(c), the court "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A fee award is appropriate where "the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

ORDER- 2

The court declines to award fees. Crowley had an objectively reasonable basis for seeking removal in this case. *See id.* Namely, Crowley had a colorable argument for why removal of this action was appropriate—it asserted a theory that provided a reasonable resolution of an unsettled issue of law based on the plain language of the removal statute. (*See* Not. of Removal.) The statute had been recently revised, and Crowley acted reasonably by suggesting a plausible interpretation of the new language. *See Ryan v. Hercules Offshore, Inc.*, 2013 WL 1967315 (S.D. Tex. 2013). The court ultimately ruled to the contrary, but that alone does not mean Crowley's argument was unreasonable or unfounded. Plaintiff's motion is denied to the extent it requests an award of fees and costs.

Dated this 11th day of March, 2014.

JAMES L. ROBART
United States District Judge